UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THEARTIS DANIELS,**

    Petitioner,

v.                                            Case No. 8:08-cv-813-T-30MAP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon the motion of Theartis Daniels "for reconsideration for the denial of Petitioner's motion to amend or supplement pursuant to Rule 15(a) under Federal Rules of Civil Procedure" (Dkt. #13). In his motion for reconsideration, Daniels contends that this Court erred in denying his motion to amend and/or supplement his previously filed §2255 petition. This Court had denied his motion to amend because it sought to add new claims beyond the one year limitation period under AEDPA. Petitioner argues that this Court erred because:

(1) "The one (1) year time limitation under the (AEDPA) simply does not affect the time limitation after the initial 28 U.S.C. §2255 has been filed timely,"

(2) "it was held by the U. S. Magistrate Judge Mark A. Pizzo, on 10-9-2008, that the petitioner be allowed to file a supplemental or amended pleading to his §2255 motion," and

(3) it violates Rule 15(b), Federal Rules of Civil Procedure, which provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in

>       the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to the evidence (sic) and to <u>raise these issues may be made upon motion of any party at any time, even after judgment</u>; but failure so to amend does not affect the result of the trial of these issues. (Emphasis supplied by Petitioner.)

Contrary to Daniels' arguments, AEDPA's one year limitation period does apply to the adding of new claims to a previously filed §2255 petition. <u>McLean v. United States</u>, 2005 WL 2172198 (11th Cir. 2005). See also <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S.Ct. 2562 (2005).

Further, Judge Pizzo's Order of October 9, 2008, did not grant Daniels permission to amend or supplement his §2255 petition. It granted him an extension to file a reply to the Government's response and very specifically denied his motion to amend "without prejudice to Petitioner filing a proper motion to amend or supplement his §2255 motion within thirty days." When Daniels subsequently filed a motion to amend or supplement, it was denied by this Court because all of his proposed amendments involved new claims and were time barred.

Lastly, Fed.R.Civ.P. 15(b) addresses amending pleadings to conform to the evidence presented during trial. The Petitioner is not in trial and does not seek to conform a civil pleading to the evidence presented during trial. This rule does not apply to his §2255 petition.

The Court will grant Petitioner fifteen (15) days within which to raise any other reasons, if any he has, why his proposed amendment to his §2255 petition is not time-barred.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's motion for reconsideration (Dkt. #13) is DENIED.

2. Petitioner is granted fifteen (15) days from the date of this Order within which to show cause, if any he has, why his proposed amended petition is not time barred.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-813.deny 2255.wpd