**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THEARTIS DANIELS,

    Petitioner,

v.                                              CASE NO: 8:08-CV-813-T-30 MAP
                                                   Crim. Case No: 8:04-CR-367-T-30 MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on April, 28, 2008, the Response (CV Dkt. #6), and the Reply (CV Dkt. #15). Upon review, the Court determines that the petition must be denied because the Petitioner has failed to demonstrate that he suffered from ineffective assistance of counsel.

## BACKGROUND

Petitioner, THEARTIS DANIELS (hereinafter referred to as "Daniels" or "Petitioner") was indicted by a federal grand jury in Tampa, Florida, with one count of conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and one count of a possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i) and 18 U.S.C. § 2. (CR Dkt.

#13). This was pursuant to a sting operation wherein the Petitioner and coconspirators agreed to rob a fictional entity of eight (8) to ten (10) kilograms of cocaine. The government filed an Information and Notice of Prior Convictions on February 13, 2006, pursuant to 21 U.S.C. § 851, alleging five prior felony drug convictions for Petitioner. (CR Dkt. #146).

On February 27, 2006, a four-day trial commenced, after which the jury found Daniels guilty as charged in the Indictment. On June 1, 2006, the Court sentenced Daniels to a term of life imprisonment, and a ten year term of supervised release as to Count One, and to a consecutive term of five years' imprisonment, and a five year term of supervised release on Count Two. (CR Dkt. #167).

On June 6, 2006, Petitioner directly appealed his conviction and final judgment to the Eleventh Circuit Court of Appeals. On February 28, 2007, the Eleventh Circuit affirmed Petitioner's conviction. See United States v. Daniels, 218 Fed.App'x 974, (11th Cir. 2007). (CR Dkt. #208).

On April 28, 2008, Petitioner timely filed the present Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. The United States (hereinafter "Government" or "Respondent") timely filed a response, and Petitioner filed a reply in opposition to the Government's response. Petitioner asserts the following:

**Ground one:** Ineffective assistance of counsel in regards to prosecutorial misconduct, prosecutor abuse of discretion, and preemption of state court jurisdiction;

**Ground two:** Ineffective assistance of counsel in regards to a lack of personal and subject matter jurisdiction of the Court;

**Ground three:** Ineffective assistance of counsel in regards to prosecution's failure to provide type and quantity as elements of the charged drug conspiracy; and

**Ground four:** Ineffective assistance of counsel in regards to separating prior convictions for sentencing enhancement purposes.

## Discussion

At the outset, the Court notes that to demonstrate ineffective assistance of counsel the Petitioner must show that his counsel's conduct fell below an objective level of reasonableness and that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 The review of counsel's conduct is highly deferential and there is a strong presumption that counsel's conduct fell within a wide range of professional conduct. Id.

**Ground one:** Petitioner contends that he suffered ineffective assistance of counsel in regards to prosecutorial misconduct, prosecutor abuse of authority, and erroneous preemption of state court's jurisdiction. To support the first two arguments, Petitioner claims that he had ineffective assistance of counsel because his attorney failed to argue that the prosecutor improperly acted as a member of the executive branch and that the Court improperly preempted state court jurisdiction. The U.S. Attorneys, as a unit of the Department of Justice, are part of the executive branch. 28 U.S.C. § 501. Further, U.S. Attorneys are the specifically appointed agent of the government to institute and prosecute criminal proceedings on behalf of the United States. 28 U.S.C. § 547.

The petitioner next contends that the Court improperly interfered with the jurisdiction of the State of Florida, on the basis of 28 U.S.C. § 7. Petitioner has failed to show, however, how the United States' "special maritime and territorial jurisdiction" has anything to do with the crime he was convicted of. Moreover, the authorities petitioner cites are inapposite, relating only to jurisdiction on military bases. The Eleventh Circuit has fully analyzed jurisdictional claims in regards to conspiracies involving robbing someone of cocaine in United States v. Orisnord, 483 F.3d 1169 (2007), and the petitioner has submitted nothing that would distinguish the present case, so his jurisdictional claim fails.

**Ground two:** Petitioner contends that he suffered from ineffective assistance of counsel in regards to the Court's lack of personal and subject matter jurisdiction to prosecute and convict petitioner. Federal Courts have personal jurisdiction to try any criminal defendant brought before them for a violation of a federal law, United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003), and the same is true of subject matter jurisdiction. McCoy v. United States, 266 F.3d 1245, 1252 (11th Cir. 2001). If the defendant had come into the Court's jurisdiction through ineffective assistance of counsel, he might have a claim, but defendant suffered no harm from his attorney not bringing a meritless jurisdictional claim before the Court.

**Ground three:** Petitioner contends that he suffered from ineffective assistance of counsel in regards to the prosecution's failure to prove drug type and quantity as elements of the charged drug conspiracy, where no drugs existed. Petitioner argues on the basis of Apprendi v. New Jersey, 530 U.S. 466, that the Court erred by not instructing the jury as to

the amount of narcotics in the Petitioner's possession as a part of the offense. To the contrary, in Apprendi, *supra* at 488, the Supreme Court merely required that a factor which increases the punishment be charged in the indictment and submitted to the jury and found beyond a reasonable doubt. The indictment states in its first paragraph that the charge was for five (5) kilograms or more of cocaine. (CR Dkt. #13). The special verdict returned by the jury as to this offense said that "We… unanimously make the… finding beyond a reasonable doubt: The offense charged … involved 5 kilograms or more of cocaine" to which the jury responded "yes." (CR. Dkt. #153-2). There was no argument to be made by Petitioner's attorney regarding sentencing or jurisdiction as to the enhancement.

Petitioner also emphasizes his contention that drugs never existed. This is irrelevant. All that is necessary for a charge of conspiracy is that there was an agreement to achieve an unlawful objective, knowing and voluntary participation, and an overt act in furtherance of the conspiracy. United States v. Hansen, 262 F.3d 1217, 1246 (11th Cir. 2001). The Eleventh Circuit has held numerous times that factual impossibility is no defense, e.g. United States v. Orisnord, 483 F.3d 1169, 1176 (11th Cir. 2007), and even specifically that it is not a defense under a charge of conspiracy involving robbery of fictional cocaine. United States v. Taylor, 480 F.3d 1025, 1027 (11th Cir. 2007).

**Ground four:** Petitioner contends that he suffered from ineffective assistance of counsel in regards to erroneous separating and use of prior state convictions when the prior convictions were consolidated for conviction and sentence under Florida law, and considered a single offense.

If a person is found guilty of violating 21 U.S.C. § 841(b)(1)(A), as Petitioner was, after having been convicted for two (2) or more felony drug offenses, that person is to be sentenced to a *mandatory* term of life imprisonment without release. The Government filed timely notice of five (5) prior felony drug convictions. (CR Dkt. #146). Defendant did not, and still has not, contested or shown to be inaccurate any single conviction. Rather he has, in his reply, argued that one of the convictions only resulted in probation and another "was not processed." Even assuming, *arguendo*, that these two convictions were not validly admitted, Petitioner would still have the two required prior offenses. Because the law imposes a statutory minimum that was applied in this case, Petitioner's arguments regarding interpretations of the sentencing guidelines, such as how offenses were consolidated, need not be reached.

Petitioner has failed to demonstrate in any of his grounds for the present motion that he suffered from ineffective assistance of counsel or prejudicial error.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#224, in the underlying criminal case, case number 8:04-CR-367-T-30 MAP.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-813.deny 2255.wpd