# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THEARTIS DANIELS,

    Petitioner,

v.                                              CASE NO. 8:08-CV-813-T-30MAP
                                                          CRIM. CASE NO. 8:04-CR-367-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Before the Court are Petitioner's Motion for a Certificate of Appealability ("COA") filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 20), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997), and motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 22). On May 27, 2009, the Court denied Petitioner's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 18).

The Court addressed Petitioner's claims in his § 2255 motion on the merits. While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253©). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

To the extent Petitioner asserts that he was granted leave to file a supplement to his § 2255 motion, that he filed a supplement to his § 2255 motion, and that the Court failed to address the claim in his supplement that he was actually innocent, Petitioner has failed to show he is entitled to a COA on this issue. The Court did not grant, but denied Petitioner's motion to supplement his § 2255 motion (See CV Dkt. 12), and Petitioner did not file a supplement to his § 2255 motion. Consequently, there were no supplemental claims to address. Moreover, in his motion to supplement his § 2255 motion, Petitioner essentially argued that the evidence was insufficient to support his conviction (See CV Dkt. 11).[3] Petitioner did not present a colorable claim of actual innocence as he did not present any new reliable evidence of his factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (To be credible, a claim of actual innocence requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

---

[3]Petitioner's insufficiency of the evidence claim clearly was time-barred and procedurally barred as the claim was denied by the Eleventh Circuit on direct appeal. *See United States v. Daniels*, 218 Fed. Appx. 974 (11th Cir. 2007). A matter that has been decided adversely against the defendant on direct appeal, cannot be re-litigated in a collateral attack under 28 U.S.C. § 2255. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Furthermore, to the extent Petitioner alleged that the Government used perjured testimony during trial, the claim also was procedurally barred as the claim could have been advanced on direct appeal. Moreover, Petitioner failed to allege sufficient facts and adduce sufficient evidence to show that the Government knowingly used perjured testimony at trial.

eyewitness accounts, or critical physical evidence -- that was not presented at trial.).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for a Certificate of Appealability (CV Dkt. 20) is **DENIED**.

2. Petitioner's motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 22) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record